UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETAH DESMOND UKARA,<br><br>               Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden, Otay<br>Mesa Detention Center, et al.,<br><br>               Respondents. | Case No.:  26-CV-2548 JLS (JLB)<br><br>**ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 7) |

Presently before the Court is Petitioner Etah Desmond Ukara's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 7).  Also before the Court is Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 9).  Petitioner, a citizen of Cameroon, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since April 26, 2025, when he entered the United States.  Pet. at 5.  Petitioner has been detained for over thirteen months and alleges that months have passed without meaningful progress in his appeal of an immigration judge's decision ordering his removal to Uganda.  *Id.* at 14.

Respondents "acknowledges that courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention," and therefore, "concede[] that

this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." Ret. at 1.

Accordingly, as Respondents do not oppose providing a bond hearing in this matter, the Court **GRANTS IN PART** Petitioner's Amended Petition for a Writ of Habeas Corpus[1] (ECF No. 7) and **ORDERS** the Government to provide Petitioner with a bond hearing within <u>fourteen (14) days</u>, unless Petitioner, the non-citizen, requests a continuance. The Government **SHALL** bear the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

The Parties **SHALL** file a Joint Status Report by <u>June 16, 2026</u>, informing the Court of the outcome of the hearing or the status of the hearing if Petitioner requests a continuance. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: May 26, 2026

Hon. Janis L. Sammartino
United States District Judge

---

[1] The Court does not address the neutrality of immigration judges generally.

26-CV-2548 JLS (JLB)